MARVEL CONSULTANTS, INC., Appellant,

v.

OHIO CIVIL RIGHTS COMMISSION et al., Appellees.

[Cite as *Marvel Consultants, Inc. v. Ohio Civ.
Rights Comm.* (1994), 93 Ohio App.3d 838.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65498.

Decided May 23, 1994.

*Luria & Belkin* and *Keith E. Belkin,* for appellant.

*Lee Fisher,* Attorney General and *Wayne Kriynovich,* Assistant Attorney General, for appellees.

NAHRA, Chief Judge.

Appellant, Marvel Consultants, Inc. ("Marvel") is appealing the order of the trial court affirming the decision of the Ohio Civil Rights Commission, finding that Marvel discriminated against an employee named Tina Pace on the basis of sex. Appellant contends that the commission's order was not supported by

reliable, probative and substantial evidence. For the following reasons, we affirm.

Marvel is a placement and recruitment service. Tina Pace sought Marvel's services to help her find a permanent job. Marvel hired Pace as a temporary employee on October 10, 1988. Pace was hired, along with several other temporaries, to work on a temporary project updating client files, known as the "Are you available?" project.

In November 1988, Marvel's office manager quit and Pace was assigned some of the office manager's duties. Also in November, Pace told appellant she was pregnant.

Pace worked forty hours a week and received holiday and overtime pay. She believed she was a permanent employee, but management never said she was permanent. Marvin Basil, the president, and Lester Tavens, the vice-president, testified that Pace was not permanent. Pace received life insurance through the company. Basil and Tavens said that Pace obtained the life insurance without authorization from the company.

Robert Isabella, a co-worker, testified that he was told not to send Pace on any interviews, because she was permanent with Marvel. Isabella's credibility was called into question because he was later fired by Marvel. Tavens and Basil denied they told Isabella not to send Pace on interviews.

Pace testified that she had conversations with both Basil and Tavens, where she indicated she wished to return to work after she gave birth. Basil and Tavens denied that Pace made any such statements. Robert Isabella said he heard the conversations between Pace and Basil where Pace said she wanted to return to work. Isabella also said Tavens told him Pace would be returning after her maternity leave.

On July 15, 1989, one month after she delivered the baby, Pace called Tavens and said she was ready to return to work. Tavens said he did not have anything for her. Tavens testified that the "Are you available?" project was finished by July 4, 1989. The other temporaries hired for the project had all left. Marvel hired a full-time clerical employee in July 1989.

Appellant's sole assignment of error states:

"The OCRC's December 12, 1991 cease and desist order finding Marvel committed discrimination against Pace, as a matter of law, is not supported by reliable, probative and substantial evidence. The Cuyahoga County Court of Common Pleas erred in affirming the OCRC's December 12, 1991 order."

In order to affirm a finding of discrimination under R.C. 4112.02(A), the trial court must find that the finding is supported by reliable, probative, and

substantial evidence. R.C. 4112.06(E); *Plumbers & Steamfitters Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 20 O.O.3d 200, 421 N.E.2d 128. The trial court must give deference to the administrative agency's resolution of evidentiary conflicts. *Id.* at 200, 20 O.O.3d at 205, 421 N.E.2d at 133.

"The role of the appellate court is to determine whether the trial court abused its discretion in its consideration of the evidence involving an administrative appeal. Abuse of discretion implies a decision that is without a reasonable basis and is clearly wrong * * *." (Citations omitted.) *Scandinavian Health Spa, Inc. v. Ohio Civ. Rights Comm.* (1990), 64 Ohio App.3d 480, 488, 581 N.E.2d 1169, 1174.

"Reliable, probative, and substantial evidence" means evidence sufficient to support a finding of discrimination under Title VII. *Plumbers, supra,* 66 Ohio St.2d at 196, 20 O.O.3d at 202, 421 N.E.2d at 131. To support a finding of discrimination under Title VII, the employee must prove by a preponderance of the evidence a prima facie case of discrimination. Then the burden shifts to the employer to articulate a nondiscriminatory reason for its actions. The employee must then demonstrate by a preponderance of the evidence that the reasons offered by the employer were pretextual. *Id.* at 197, 20 O.O.3d at 203, 421 N.E.2d at 132, *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

To prove a prima facie case, the commission had to prove by the preponderance of the evidence that: (1) Pace was pregnant; (2) she was discharged; and (3) she was replaced by a nonpregnant person. See *McDonnell Douglas, supra; Frank v. Toledo Hosp.* (1992), 84 Ohio App.3d 610, 616, 617 N.E.2d 774, 778.

The evidence was uncontradicted that Pace was pregnant. Denial of maternity leave mandated by Ohio Adm.Code 4112–5–05(G)(6) is, in effect, terminating the employee because of her pregnancy. *Frank, supra,* 84 Ohio App.3d at 617, 617 N.E.2d at 779. Ohio Adm.Code 4112–5–01(G)(6) says:

"If the employer has no leave policy, childbearing must be considered by the employer to be a justification for leave of absence for a female employee for a reasonable period of time. Following childbirth and upon signifying her intent to return within a reasonable time, such female employee shall be reinstated to her original position or to a position of like status and pay, without loss of service or credit."

There was evidence that Pace indicated her intent to return after her pregnancy. Although there was evidence that Pace did not indicate her intent, deference is given to the hearing officer to resolve conflicts of fact. Marvel failed to

reinstate Pace to her original position. Pace was, in effect, discharged. She was replaced by the nonpregnant, full-time clerical worker who was hired in July.

Marvel articulated a nondiscriminatory reason for not allowing Pace to return to work, namely, that Pace was a temporary employee and there was no work for her. There was sufficient evidence to prove by a preponderance of the evidence that this reason was a pretext. There was evidence Pace was a permanent employee. Also, there was work available because Marvel had to hire a full-time clerical employee.

Thus, there was reliable, probative and substantial evidence of sex discrimination. The trial court did not abuse its discretion.

Accordingly, this assignment of error is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

James D. Sweeney and Matia, JJ., concur.