[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 61.]

PETRILLA, APPELLANT, *v*. AJAX MAGNETHERMIC CORPORATION, APPELLEE.

[Cite as *Petrilla v. Ajax Magnethermic Corp.*, 1998-Ohio-270.]

*Age discrimination—Establishing a prima facie case of age discrimination under former R.C. 4101.17.*

(No. 97-991—Submitted April 7, 1998—Decided June 3, 1998.)

APPEAL from the Court of Appeals for Trumbull County, No. 96-T-5446.

———————————

*Guarnieri & Secrest* and *Michael D. Rossi*, for appellant.

*Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A., James L. Messenger* and *Jerry M. Bryan*, for appellee.

———————————

{¶ 1} The judgment of the court of appeals is reversed, and the cause is remanded to the trial court on the authority of *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

{¶ 2} Because the court decides this case based on *Mauzy,* a case which I believe distorts the well-settled methods of proving age discrimination, I must respectfully dissent. I cannot agree that *Mauzy* is a correct statement of the law to be applied to this, or any, age-discrimination case.

{¶ 3} In *Mauzy*, a majority of this court held that "direct evidence" of age discrimination "refers to a method of proof, not a type of evidence. It means that a plaintiff may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not

was motivated by discriminatory intent." *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus.

{¶ 4} It is axiomatic that direct evidence is *not* a method of proof, but is exactly what a majority of this court says it is not—a *type* of evidence. *Mauzy,* 75 Ohio St.3d at 593, 664 N.E.2d at 1284 (Cook, J., dissenting). Direct evidence is evidence that proves a fact without inference or presumption and which, if believed, conclusively establishes that fact. Black's Law Dictionary (6 Ed.1990) 460. It is the antithesis of circumstantial evidence.

{¶ 5} The distinction between direct and circumstantial evidence is significant in cases of age discrimination. *Mauzy* unnecessarily blurs the distinction between the two types of evidence and, in the process, perverts the carefully constructed methods of proving a discrimination claim enunciated by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207, and *Price Waterhouse v. Hopkins* (1989), 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268.

{¶ 6} Discrimination law is unique in that it steers the burdens of persuasion and of production dependent upon the *type* of evidence the plaintiff initially offers. In the face of direct evidence of discrimination, the burden of persuasion shifts to the employer; where the evidence is merely circumstantial, it does not:

"The direct evidence and circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both. If a plaintiff can produce direct evidence of discrimination then the *McDonnell Douglas-Burdine* paradigm is of no consequence. Similarly, if a plaintiff attempts to prove its case using the *McDonnell Douglas-Burdine* paradigm, then the party is not required to introduce direct evidence of discrimination." *Kline v. Tennessee Valley Auth.* (C.A.6, 1997), 128 F.3d 337, 348-349. Contrary to the holding in *Mauzy*, direct evidence of discrimination cannot be circumstantial.

**{¶ 7}** Nonetheless, the plaintiff here, Petrilla, claims that by presenting evidence that (1) his employer, Ajax, "*changed* the nature of his work assignments" because of his anticipated retirement at age sixty-two, and (2) "later *selected* him for termination *because* of the ordinary nature of the work he was then performing [emphasis *sic*]," the burden of *persuasion* shifted to Ajax under *Price Waterhouse* to prove it would have made the same decision despite Petrilla's age. *Price Waterhouse,* 490 U.S. at 258, 109 S.Ct. at 1795, 104 L.Ed.2d at 293; *Manzer v. Diamond Shamrock Chemicals Co.* (C.A.6, 1994), 29 F.3d 1078, 1081. Petrilla makes this argument because *Mauzy* permits him to term his circumstantial evidence as direct. Regardless of the terminology Petrilla uses, he did not produce direct evidence of discrimination. The *Price Waterhouse* analysis requiring the employer to prove age was not a determining factor in its decision is thus inapplicable. *Trans World Airlines, Inc. v. Thurston* (1985), 469 U.S. 111, 121, 105 S.Ct. 613, 621-622, 83 L.Ed.2d 523, 533; *Manzer,* 29 F.3d at 1081; *Wilson v. Firestone Tire & Rubber Co.* (C.A.6, 1991), 932 F.2d 510, 514.

**{¶ 8}** Instead, Petrilla produced circumstantial evidence to which the *McDonnell Douglas* standard applies. *Price Waterhouse,* 490 U.S. at 271, 109 S.Ct. at 1802, 104 L.Ed.2d at 301 (O'Connor, J., concurring); *Kline,* 128 F.3d at 348-349. Assuming Petrilla met his initial burden of establishing a prima facie case, the trial court did not err in granting Ajax's motion for directed verdict because Petrilla failed to refute Ajax's nondiscriminatory explanation. See *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094, 67 L.Ed.2d at 216; *Manzer,* 29 F.3d at 1082-1084 (employer must *produce* evidence of a "legitimate, nondiscriminatory reason" for its actions; the plaintiff must then *persuade* the trier of fact the proffered reason is a pretext).

**{¶ 9}** Because this is a reduction-in-work force case, Petrilla carries a heavier burden in supporting his discrimination claim. *Wilson,* 932 F.2d at 517; *Barnes v. GenCorp, Inc.* (C.A.6, 1990), 896 F.2d 1457, 1464-1465. Ajax produced

evidence that it was forced to reduce its number of employees for economic reasons, and that it terminated Petrilla because he was the least qualified of the four engineers in his department. Petrilla argued that he was rendered the least qualified because Ajax changed his job assignments due to his impending voluntary early retirement, an age-motivated act. However, evidence was produced that Petrilla's job assignments were changed because he planned to leave the company, not because of his age. The fact that Petrilla's reason for his planned departure from the company was an age-correlated factor (early retirement) does not make Ajax's decision unlawful. Petrilla did not provide the trial court with evidence linking his termination to age; instead, he linked his planned departure to his age.

{¶ 10} At the core of age discrimination is a belief in the "inaccurate and stigmatizing stereotypes" that "productivity and competence decline with old age." *Hazen Paper Co. v. Biggins* (1993), 507 U.S. 604, 610, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338, 347. The law in this area developed to prevent older workers from being deprived of employment due to these stereotypes. *Id.* However, "[w]hen the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. *This is true even if the motivating factor is correlated with age*[.]" (Emphasis added.) 507 U.S. at 611, 113 S.Ct. at 1706, 123 L.Ed.2d at 347.

{¶ 11} Petrilla did not present the trial court with direct evidence of discrimination. Furthermore, even if Petrilla established a prima facie case by circumstantial evidence, he failed to come forward with evidence that Ajax's reasons for his termination were pretextual as required by the *McDonnell Douglas-Burdine* circumstantial-evidence framework. Because the trial court did not err in granting a directed verdict in Ajax's favor, I would affirm the judgment of the court of appeals.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

———————