OPINION
Respondent-appellant, V.F.W. of the O.E. Hardway Post 3762 ("Post"), appeals a decision of the Fayette County Court of Common Pleas affirming the decision of the Ohio Civil Rights Commission ("Commission") finding that the Post discriminated against complainant-appellee, Lola Thompson ("Thompson") on the basis of age. We affirm the judgment of the trial court.
Thompson, born in 1936, became a member of Post 3762 in the early 1980s. She worked for the Post as a bartender for several months during the mid-1980s and again during 1992 and 1993. She was rehired as a bartender in March 1995, and generally worked alone during the evening shift. She did the cleaning and kept the cash drawer. And while she sometimes cooked and served, Thompson always tended bar.
The operation of the bar is managed by the quartermaster and the bar manager. The quartermaster keeps track of the funds, while the manager oversees the daily operations of the bar, including hiring and terminating employees. Larry Coil ("Coil") was elected quartermaster in April 1995. While he was quartermaster, Coil remarked that he wanted to hire younger barmaids and that he wanted to get rid of the "old blood" and bring in "new blood."
On January 17, 1996, Coil became the bar manager. The very next day he fired Thompson citing lack of work. Thompson was sixty years old at the time. One week later, Coil hired Gayle Woodrow to work the evening shift previously staffed by Thompson. When Woodrow resigned after one week, Coil then hired Debra Smith to work the evening shift. Both of the women Coil hired were twenty to thirty years younger than Thompson.
On March 27, 1996, Thompson filed a charge affidavit with the Commission alleging unlawful, discriminatory conduct by the Post. The Commission issued a complaint and notice of hearing on February 20, 1997. An administrative hearing was held on September 26, 1997 and continued in progress to October 16, 1997. The hearing examiner issued a report on April 13, 1998, recommending that the Commission find that discrimination did take place. On October 29, 1998, the Commission issued a final order adopting the report and recommendations of the hearing officer and ordering that Thompson be fully compensated for the pay that she lost due to Post 3762's discriminatory behavior.
The Post appealed this decision to the Fayette County Court of Common Pleas. By entry filed July 12, 1999, the trial court upheld the Commission's decision. The Post appeals from this decision, raising the following assignment of error:
 THE DECISION OF THE COMMON PLEAS COURT IN AFFIRMING THE FINDINGS AND ORDER OF THE OHIO CIVIL RIGHTS COMMISSION WHO FOUND APPELLANT GUILTY OF AGE DISCRIMINATION IS CONTRARY TO LAW AND NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
The Post contends that the trial court applied an incorrect standard when reviewing the decision of the Commission, and that the trial court erred in finding that the Commission's decision is supported by reliable, probative, and substantial evidence.
We note initially that, contrary to appellant's contention, a trial court does not conduct a strict de novo review of the findings of the Commission. Rather, the findings of the Commission as to facts are conclusive if supported by reliable, probative, and substantial evidence. R.C. 4112.06(E); Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108. The trial court is required to give deference to the Commission's resolution of evidentiary conflicts and to the Commission's assessment of the credibility of witnesses. Marvel Consultants Inc. v. Ohio Civ.Rights Comm. (1994), 93 Ohio App.3d 838, 841. Upon review of the trial court's decision, it is apparent that the trial court applied the appropriate standard.
When reviewing a trial court's decision involving an administrative appeal, the role of the appellate court "is to determine whether the trial court abused its discretion in its consideration of the evidence." Scandinavian Health Spa, Inc. v.Ohio Civ. Rights Comm. (1990), 64 Ohio App.3d 480, 488. In this context, abuse of discretion implies that the decision is "without reasonable basis and is clearly wrong." Id. at 581.
R.C. 4112.02(A) states that it is an unlawful, discriminatory practice for an employer to discriminate against an employee on the basis of the person's age. To establish a prima facie case of discrimination, the employee must demonstrate by a preponderance of the evidence that (1) she was a member of the statutorily protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position either lost or not gained, and (4) she was replaced by, or that her discharge permitted the retention of a person not belonging to the protected class.Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, paragraph one of the syllabus.
Once an employee has presented evidence in support of these four elements, the employer is provided an opportunity to demonstrate a "legitimate, nondiscriminatory reason" why the employee was discharged. Id. at 503. If the employer provides a legitimate, nondiscriminatory basis for the adverse action taken against the employee, the employee is then allowed the opportunity to prove by a preponderance of the evidence that the reasons for the employer's adverse action were merely a pretext for unlawful discrimination. Id. at 503-504. The employee can support a claim of age discrimination by presenting either direct or indirect evidence of discrimination. Id. at 505-506.
The Post does not appear to dispute that Thompson has presented a prima facie case of age discrimination: Thompson is over forty years of age, was discharged, was qualified for the position, and was replaced by someone who is substantially younger, and not a member of the protected class. However, the Post asserts that Thompson has failed to rebut, by a preponderance of the evidence, the legitimate reasons it proffered for her termination.
The Post argues that Thompson's claim must fail as her case relies on indirect evidence of discrimination. Appellant cites toPetrilla v. Ajax Magnethermic Corp. (1998), 82 Ohio St.3d 61, for the proposition that "the complaining party must produce `direct evidence' that age discrimination was the basis of the discharge." We must point out, though, that this proposition is contained in Justice Cook's dissent, and is not endorsed anywhere in the majority opinion. Indeed appellant has aptly misstated the law, as a claim of age discrimination may be proven by presenting either direct or indirect evidence of discrimination. SeeKohmescher, 61 Ohio St.3d at 442-443; Stair v. Phoenix (1996),116 Ohio App.3d 500, 506.
During the course of this dispute, Coil and the Post offered four nondiscriminatory reasons for Thompson's discharge. At the time of her termination, Coil stated that Thompson was being discharged due to a lack of work. This claim is convincingly rebutted by the fact that Thompson was replaced one week after her discharge. The replacement was approximately thirty years younger than Thompson and worked the same hours that Thompson had worked. The end result is that there was no actual reduction in staff.
Coil then cited missing funds as the reason for Thompson's termination. However, the Post failed to present any evidence in support of this claim, and Coil later recanted, testifying that this was not the reason for her discharge. Coil next proffered that Thompson was terminated because she exhibited hostile behavior toward the management and customers. However, Coil again recanted, testifying that he was never witness to hostile behavior by Thompson, nor was he aware of any hostile behavior on her part.
Coil lastly stated that Thompson was discharged because she did not socialize with the customers. The testimony regarding this issue is in conflict. Robert Stroop, the former bar manager, testified that Thompson often socialized with the customers, while Coil testified that she did not. The hearing examiner did not find Coil's testimony on this issue to be credible. We again note that this court and the trial court should defer to the Commission's resolution of factual disputes unless there are "legally significant reasons for discrediting certain evidence relied upon." University of Cincinnati, 63 Ohio St.2d at 108. Appellant has failed to present any such reason. Accordingly, we find that each of the Post's proffered, nondiscriminatory reasons for Thompson's discharge has been rebutted by a preponderance of the evidence.
"[R]ejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination" with no additional proof of discrimination. St.Mary's Honor Center v. Hicks (1993), 509 U.S. 502, 511,113 S.Ct. 2742, 2749. Accordingly, we find no abuse of discretion by the trial court in adopting the recommendations of the Commission. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.