**Paul VENEZIA, Plaintiff,**

v.

**SCOVILL, INC., Defendant.**

**No. C-1-83-878.**

United States District Court, S.D. Ohio, W.D.

Sept. 12, 1983.

**4**

James B. Helmer, Jr., Ann Lugbill, Cincinnati, Ohio, for plaintiff.

Charles Weiner, Cincinnati, Ohio, Robert L. Thompson, Stanford G. Wilson, Atlanta, Ga., for defendant.

## OPINION AND ORDER DENYING MOTION TO STRIKE AND DISMISS

SPIEGEL, District Judge.

This matter came on for consideration of defendant's motion to strike and dismiss (doc. 3) and plaintiff's memorandum in opposition (doc. 8). Plaintiff, a citizen of Ohio, brought this age discrimination case against defendant, Scovill, Inc., a Connecticut corporation, pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, and § 4101.17 of the Ohio Revised Code. The federal age discrimination claim is contained in Count I of the complaint. The Ohio age discrimination claim appears in Count II and is before this Court upon diversity of jurisdiction, 28 U.S.C. § 1332.

Defendant has moved to dismiss Counts I and II of the complaint and to strike certain allegations of the complaint relating to damages. We find that defendant's motion to strike is not well taken and accordingly it is denied.

### I.

■ Defendant maintains first that plaintiff's federal claim, Count I, must be dismissed for failure to file an administrative charge with the Ohio Civil Rights Commission (OCRC) as required by 29 U.S.C. § 633(b) and *Oscar Mayer v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). Plaintiff, however, includes with his memorandum in opposition a copy of his letter to the OCRC dated July 5, 1983, slightly more than two weeks after he filed this law suit. This letter charges defendant with age discrimination. Also attached to the memorandum is a copy of the registered mail receipts showing delivery of the letter to the OCRC. Accordingly, we conclude that plaintiff has commenced state proceedings as required by the ADEA. Bringing a legal action prior to commencing state proceedings does not require dismissal of a claim under the ADEA. *Oscar Mayer,* 441 U.S. at 761, 99 S.Ct. at 2074; *Merkel, et al. v. Scovill,* 570 F.Supp. 133 (S.D.Ohio 1983).

The defendant's motion with respect to the dismissal of Count I is therefore denied.

## II.

Defendant next argues that we should dismiss in its entirety plaintiff's state claim pursuant to ORC § 4101.17 on the grounds that retaining the state claim would circumvent the scope of remedies available under the federal statute. In particular, defendant notes that in connection with his state claim plaintiff seeks compensatory and punitive damages, damages which are not available under the ADEA. Relying on *Hill v. Spiegel, Inc.*, 708 F.2d 233 (6th Cir.1983), defendant concludes that retaining the state claim would distort the issue of discrimination under the federal statute. In addition, defendant asserts that retention of the state claim creates the possibility of double recovery.

Again we find no merit in defendant's argument. We observe that even if we were to decline to accept pendent jurisdiction, we would nonetheless have diversity jurisdiction over this state claim. In addition, because the federal and state claims arise out of a common nucleus of operative fact, we find it appropriate to exercise pendent jurisdiction of the state claim. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Hill v. Spiegel*, relied upon by defendant, does not teach to the contrary as that case involved a federal claim only and was silent on the subject of pendent jurisdiction.

We recognize the possibility that allowing evidence on compensatory and punitive damages may distort the jury's understanding of the federal claim. Indeed, in *Spiegel*, the Sixth Circuit held that it was reversible error to allow testimony as to plaintiff's pain and suffering in a case involving a federal claim. However, our experience in *Merkel, et al. v. Scovill*, 570 F.Supp. 133 persuades us that this possibility may be significantly lessened by jury instructions that delineate carefully the elements of the two claims combined with the use of special interrogatories to the jury.

With respect to double recovery, our experience in *Merkel* convinces us that that danger may be eliminated. In the *Merkel* consolidated cases, the parties agreed to have the Court enter general verdicts consistent with special interrogatories posed to the jury. *Merkel et al. v. Scovill*, 570 F.Supp. 141 (S.D.Ohio 1983). We would use a similar procedure in the instant case to diminish significantly the risk of double recovery.

■ We find that where both the state and federal claims go solely to issues of discrimination based upon age and the two claims flow from the same operative facts, judicial economy and the interest of justice are best served by retaining the state claim. Accordingly, defendants motion to dismiss Count II is denied.

## III.

There are two aspects to defendant's motion to strike. First, it seeks to strike all references to punitive damages and damages for loss of reputation and self esteem, humiliation and embarrassment on the grounds that such damages are unavailable under the ADEA or under ORC § 4101.17. Second, it seeks to strike certain specified references in the complaint pursuant to Rule 12(f), Fed.R.Civ.P. on the grounds that they are immaterial or redundant.

■ It is now clearly established that punitive damages and damages for embarrassment, humiliation and loss of reputation are not recoverable under the ADEA. *Hill v. Speigel*, 708 F.2d 233 (6th Cir.1983). Plaintiff's claims for such damages, however, are tied to his state rather than to his federal claim. Arguing from legislative history and the statutory language of § 4101.17, defendant makes a well-reasoned argument that the Ohio Legislature did not intend that punitive and compensatory damages be available to age discrimination plaintiffs seeking relief under O.R.C. § 4101.17. We considered many of these arguments several months ago before holding that such damages are available under § 4101.17. *Merkel*, C–1–82–149

**6**

(S.D.Ohio, January 27, 1983). After careful reconsideration, we find that although defendant's position is a reasonable one, there is no compelling reason at this point to change our initial position. Needless to say, we are not obligated to follow the decision in *Schlosser v. Firestone Tire & Rubber Co.*, C–82–3448A (N.D.Ohio, April 27, 1983) handed down some time after our decision in *Merkel.* The Court in that case relied upon *Fawcett v. G.C. Murphy & Company,* 46 Ohio St.2d 245, 348 N.E.2d 144 (1976), a case in which the Ohio Supreme Court held that § 4101.17 did not provide a private right of action. Section 4101.17 was subsequently amended to provide such a private course of action and it is the amended statute with which we are presently concerned. The Ohio Supreme Court has not yet addressed the issues of what damages are available under § 4101.-17, as amended. Accordingly, we deny defendant's motion to strike plaintiff's claims for punitive and compensatory damages pursuant to his state claim.

With respect to the second aspect of defendant's motion to strike, we note first that most of the material which defendant wishes to strike goes to the issues of punitive and compensatory damages. Accordingly, we see no reason for striking these items as we have concluded that punitive and compensatory damages are available in connection with plaintiff's state claim. Similarly we see no reason for striking the word "wanton" from the complaint as "wanton" is material to plaintiff's claim for punitive damages. Accordingly defendant's motion to strike specific references in the complaint is hereby denied.

SO ORDERED.