DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant/cross-appellee, Continental General Tire, Inc. ("General Tire"), appeals the denial of its motions for judgment notwithstanding the verdict, remittitur, and a new trial following judgment awarded by the Summit County Court of Common Pleas in favor of plaintiff-appellee/cross-appellant, Nancy Kroh. Kroh cross-appeals the trial court's denial of her motion for prejudgment interest as well as the trial court's refusal to submit the issue of punitive damages to the jury and failure to award attorney's fees and costs. We reverse with respect to General Tire's appeal. Consequently, Kroh's cross-appeal is rendered moot.
Kroh was employed as a manager in the treasury department of General Tire from 1966 to 1996, when she was terminated as the result of a reduction in force. Following her termination, Kroh filed suit against General Tire alleging sex discrimination pursuant to R.C. 4112.02 and 4112.99. Specifically, Kroh averred that she was subjected to disparate treatment on the basis of her sex because General Tire (1) persisted in paying her less than males employed in similar positions; (2) refused to provide job training and to consider her for promotions during her tenure; and (3) terminated her employment and replaced her with a male employee.
A jury returned a verdict in favor of Kroh, and the trial court entered judgment against General Tire in the amount of $708,000.00. General Tire moved for a new trial, judgment notwithstanding the verdict, and remittitur, and Kroh moved for an award of prejudgment interest. In an order dated November 25, 1998, the trial court denied these motions. General Tire timely appealed, and Kroh cross-appealed. Each has assigned three errors for review.[1]
 ASSIGNMENT OF ERROR II
The trial court erred in refusing to grant General Tire a directed verdict and judgment notwithstanding the verdict on Kroh's claims of disparate pay.
In its second assignment of error, General Tire has argued that the trial court was incorrect in refusing to grant a directed verdict in favor of General Tire because Kroh did not produce sufficient evidence to demonstrate disparate treatment between herself and male workers who were comparably situated. We agree.
Civ.R. 50(A) (4) provides:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A motion for directed verdict tests the legal sufficiency of the evidence presented; accordingly, neither the weight of the evidence nor the credibility of witnesses may be properly considered. Cater v. Cleveland (1998), 83 Ohio St.3d 24, 33, citing Strother v. Hutchison (1981), 67 Ohio St.2d 282, 284. If substantial, competent evidence has been presented from which reasonable minds could draw different conclusions, the motion must be denied. Wagner v. Roche Laboratories, Inc. (1996), 77 Ohio St.3d 116,119. Because a directed verdict presents a question of law, we review the trial court's judgment de novo. Hardy v. Gen.Motors Corp. (1998), 126 Ohio App.3d 455, 462, citing Howell v.Dayton Power Light Co. (1995), 102 Ohio App.3d 6, 13.
R.C. 4112.02(A) states:
It shall be unlawful discriminatory practice:
 For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.
The Supreme Court of Ohio has noted that federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e) et seq., Title 42, U.S. Code, is applicable to cases involving alleged violations of R.C. Chapter 4112. Plumbers Steamfitters Commt. v. Ohio Civ. Rts. Comm. (1981), 66 Ohio St.2d 192,196. Similarly, claims alleging unequal pay, pursuant to either R.C. 4111.17 or R.C. 4112.02, are subject to the analysis employed under the Federal Equal Pay Act, Section 206, Title 29, U.S. Code. Gliner v. Saint-Gobain/Norton Industrial CeramicsCorp. (June 9, 1999), Cuyahoga App. No. 74055, unreported, 1999 Ohio App. LEXIS 2611 at *139.
Absent direct evidence of discrimination, a plaintiff may create a presumption of unlawful discrimination in violation of R.C. 4112.02 by proving: (1) that she is a member of a protected class; (2) that she suffered an adverse employment action; (3) that plaintiff was qualified for the position; and (4) that comparable employees not within the protected class were treated more favorably. See Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, paragraph one of the syllabus; Myers v. Goodwill Ind.,Inc. (1997), 122 Ohio App.3d 294, 302. See, also, McDonnellDouglas Corp. v. Green (1973), 411 U.S. 792, 802, 36 L.Ed.2d 668,677. To demonstrate sex discrimination predicated on unequal pay, a plaintiff must establish (1) that the defendant paid different wages to male and female employees (2) who performed jobs requiring equal skill, effort, and responsibility (3) under the same, or similar, working conditions. See R.C. 4111.17(A);Corning Glass Works v. Brennan (1974), 417 U.S. 188, 195,41 L.Ed.2d 1, 10. See, generally, Gliner, supra, at 139-40 (concluding that Federal law interpreting the Federal Equal Pay Act, Section 206, Title 29, U.S. Code, applies with equal force to Ohio claims alleging unequal pay brought under either R.C. 4111.17
or 4112.02(A)).
Both disparate treatment and disparate pay claims, therefore, require the plaintiff to demonstrate not only that different treatment occurred, but that the employer engaged in disparate treatment of comparable employees. In demonstrating this similarity:
 It is fundamental * * * that the plaintiff must show that the "comparables" are similarly-situated in all respects. * * *
 Thus, to be deemed "similarly-situated", the individuals with whom the plaintiff seeks to compare [her] treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.
(Citations omitted). Mitchell v. Toledo Hosp. (C.A.6 1992),964 F.2d 577, 583.
Considering the evidence presented by Kroh, reasonable minds could only conclude that she did not demonstrate that General Tire treated her differently from similarly situated male employees. Kroh maintained that she was denied promotions and educational opportunities, paid lower wages, and ultimately terminated from her position when male employees were afforded promotions, opportunities for career development, and the opportunity to relocate to North Carolina when General Tire moved its headquarters. It is clear from reading their testimony on direct examination by Kroh, however, that these employees performed jobs that differed significantly in function, responsibility, and scope from her own. Although Kroh and these employees reported to a common supervisor for a period of time, this fact alone does not establish that they were similarly situated. Likewise, Kroh's feelings and perceptions that these men constituted her peer group are not determinative.
The evidence presented by Kroh in this case was insufficient as a matter of law to permit a comparison between her position as cash manager and the positions of the male employees. In effect, her claims noted legitimate differences in the conditions of employment, but invited the jury to find discrimination by comparing apples with oranges. Accordingly, we conclude that the trial court incorrectly denied General Tire's motion for a directed verdict on all claims, and find the second assignment of error well taken.
 ASSIGNMENT OF ERROR I
The trial court erred in refusing to grant General Tire a new trial.
 ASSIGNMENT OF ERROR III
The trial court erred in refusing to grant General Tire a directed verdict and judgment notwithstanding the verdict on Kroh's claim for lost pension benefits.
 CROSS-ASSIGNMENT OF ERROR I
The trial court erred in denying [Kroh's] motion for prejudgment interest.
 CROSS-ASSIGNMENT OF ERROR II
The trial court erred by not sending the issue of punitive damages to the jury.
 CROSS-ASSIGNMENT OF ERROR III
The trial court erred by failing to award attorney's fees and costs to [Kroh].
General Tire's remaining assignments of error, and Kroh's cross-assignments of error, are rendered moot by our discussion,supra, and need not be addressed. See App.R. 12(A) (1) (c).
General Tire's second assignment of error is sustained. The judgment of the trial court is reversed, and judgment is entered for the defendant.
Judgment reversed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee/Cross-Appellant.
Exceptions.
 LYNN C. SLABY FOR THE COURT WHITMORE, J.
BATCHELDER, J.
CONCUR
[1] The assignments of error have been rearranged for ease of disposition.