DECISION
Plaintiff-appellant, Patricia A. Finan, appeals the judgment of the Hamilton County Court of Common Pleas entering a directed verdict in favor of defendant-appellee, The Union Central Life Insurance Co., on Finan's sex-discrimination claim brought pursuant to R.C. Chapter 4112. For the reasons that follow, we reverse the trial court's judgment and remand the cause for a new trial.
Finan began working for Union Central in 1982, as director of pension sales. In 1986, she was promoted to assistant vice-president and was later promoted to regional sales vice-president in 1991. While she was in the position of regional sales vice-president, Finan was responsible for the largest sales region in the country.
In 1993, Union Central President Rick Kremer asked Finan to accept a position in the company's annuity sales department. Finan reluctantly accepted the position at the beginning of 1994, and while she was in the annuity department, sales of annuities increased dramatically. Nevertheless, in November 1994, Finan was informed that economic considerations required that she be terminated from the annuities position. Though she was offered another position in the company, the position that she was offered would have entailed a decrease in salary of approximately $27,000 per year. Finan declined the offer of the new position and left the company.
In June 1996, Finan filed the discrimination claim. The trial court denied a series of summary-judgment motions filed on behalf of Union Central, and the case proceeded to a jury trial in March 1999. At the close of Finan's case-in-chief, the trial court granted Union Central's motion for a directed verdict, and this appeal followed.
In her first assignment of error, Finan contends that the trial court erred in granting Union Central's motion for a directed verdict. We agree.
Pursuant to Civ.R. 50, the trial court is to grant a motion for a directed verdict only when, construing the evidence most strongly in favor of the nonmoving party, it concludes that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party.[1] To establish a prima facie case of sex discrimination and thereby defeat a motion for a directed verdict, the plaintiff must demonstrate that the employer more likely than not was motivated in its employment action by a discriminatory intent.[2]
Discriminatory intent on the part of an employer may be proven by direct evidence, or it may be inferred from evidence by application of the analytical framework formulated by the United States Supreme Court in McDonnell Douglas Corp v. Green.[3]
Thus, in the absence of direct evidence of discrimination, the plaintiff may establish a prima facie case by proof (1) that the plaintiff was a member of a protected class, (2) that she suffered an adverse employment action, (3) that she was qualified for the position that she lost, and (4) that she was replaced by someone outside the protected class or that "a comparable non-protected person was treated better."[4] If direct evidence of discrimination is presented, however, the McDonnellDouglas analysis need not be undertaken.[5]
In the case at bar, Finan adduced direct evidence of Union Central's discriminatory intent, thus precluding the granting of a directed verdict. In Finan's case-in-chief, she offered the testimony of a co-worker, Elizabeth Seicshnaydre, who testified concerning the statements of Jeff Wheatley, a Union Central vice-president. According to Seicshnaydre, Wheatley had stated that Finan had been terminated from the annuity position because "she was making too much money in that position as a woman." Seicshnaydre also testified that Wheatley, in discussing Finan's termination, had referred to the management of Union Central as an "old boy's network." Thus, construing the evidence in a light most favorable to Finan, we hold that she produced direct evidence that the adverse employment decision was made based upon her gender.
Union Central contends that the statements introduced into evidence were too isolated or ambiguous to constitute direct evidence of discriminatory intent. We disagree. Though Wheatley's statement did not identify specifically who believed that Finan was making too much as a woman, it was clear from the context of the statement that he was referring to the members of Union Central management who had made the decision. Moreover, construed in a light most favorable to Finan, the evidence indicated that the statements ascribed to Wheatley were made soon after the employment decision was made and were in direct reference to that decision. The evidence further indicated that Wheatley, as an officer of the company, was privy to the discussions concerning the decision to terminate Finan from the annuity position, even though he did not make the ultimate decision himself.[6] Under these circumstances, the statements ascribed to Wheatley were direct evidence of the company's discriminatory intent, thus rendering the granting of the motion for a directed verdict erroneous.
Furthermore, although we are not required to conduct the McDonnellDouglas inquiry in light of the direct evidence of discrimination, we do note that Finan adduced evidence as to each of the four McDonnell Douglas elements. Though the trial court held that Finan had failed to establish the fourth element, namely that comparable non-protected persons were treated better, we disagree with the trial court's analysis. The evidence concerning the respective performance, ability, experience and education of Finan and similarly-situated employees was disputed, but in that respect it was such that reasonable minds could have reached different conclusions as to Union Central's motivation to terminate Finan from the annuity position. Therefore, the trial court erred in granting Union Central's motion for a directed verdict, and we sustain the first assignment of error.
In her second assignment of error, Finan contends that the trial court erred in excluding evidence that a discriminatory culture or atmosphere existed at Union Central. The excluded evidence included testimony that the executive dining room was equipped with only a men's restroom, a chart indicating that the top ten salaried employees at Union Central were male, and the statement of the company president that he was a "male chauvinist."[7] We agree that the trial court erred in excluding this evidence.
Circumstantial evidence tending to demonstrate the existence of a discriminatory atmosphere in the workplace may serve as evidence of discrimination directed at the plaintiff.[8]
Although evidence of a discriminatory atmosphere may not be conclusive proof of discrimination against the individual plaintiff, it is admissible because it tends to provide "color" to the employer's decision making processes.[9]
The evidence proffered by Finan in the case at bar, while not conclusive as to her claim, was certainly relevant to prove that a sexist atmosphere existed at Union Central and affected the company's employment decisions. Therefore, though we are mindful that the decision to admit or exclude evidence is generally within the discretion of the trial court and is not to be reversed absent an abuse of that discretion,[10] we hold that the trial court's decision to exclude the contested evidence in the instant case was unreasonable. Accordingly, we sustain the second assignment of error. The judgment of the court of common pleas is hereby reversed, and the cause is remanded for a new trial in accordance with this decision.
Judgment reversed and cause remanded.
 HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
[1] Alley v. Wendy's Internatl., Inc. (1995), 107 Ohio App.3d 810,814, 669 N.E.2d 538, 540.
[2] Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,664 N.E.2d 1272, paragraph one of the syllabus.
[3] (1973) 411 U.S. 792, 93 S.Ct. 1817.
[4] Mitchell v. Toledo Hosp. (C.A.6, 1992), 964 F.2d 577, 582, citing Davis v. Monsanto Chem. Co. (C.A.6, 1988), 858 F.2d 345.
[5] See Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501,575 N.E.2d 439, syllabus.
[6] Union Central also contends that Seicshnaydre's testimony concerning Wheatley's statements was inadmissible hearsay. This argument is not persuasive. As Finan notes, the statements were not offered for the truth of the matter asserted and in any event constituted the vicarious admissions of a party-opponent within the meaning of Evid.R. 801(D)(2). Further, as Union Central has failed to assert an assignment of error with respect to the introduction of the evidence, any potential error has been waived.
[7] The trial court held that this statement was inadmissible hearsay. However, as the declarant was the president of the company, the statement was not excludable as hearsay pursuant to Evid.R. 802(D)(2).
[8] Ercegovich v. Goodyear Tire Rubber Co. (C.A.6, 1998),154 F.3d 344, 356.
[9] Id.
[10] O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163,407 N.E.2d 490, 493; Brokamp v. Mercy Hosp. (Apr. 16, 1999), Hamilton App. No. C-971077, unreported, jurisdictional motion overruled (1999),86 Ohio St.3d 1461, 715 N.E.2d 565, motion for reconsideration denied (1999), 87 Ohio St.3d 1421, 717 N.E.2d 1107.