DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entry of the Lucas County Court of Common Pleas, filed on June 29, 2000, in which the trial court granted summary judgment to appellees, Video News Super Stores and Thaolien Teresa Do[1] ("Video News") for age discrimination claims filed against appellees by appellant, Patrick H. Ebright. Appellant has presented one assignment of error for consideration on appeal that reads:
 "The trial court erred to appellant's prejudice by granting summary judgment to appellees and by dismissing appellant's claims of age discrimination as set forth in his complaint."
 Before addressing the arguments presented by the parties regarding the assignment of error, we will first review the procedure in this case.
This case began on January 11, 1999 when appellant filed a complaint in the Lucas County Court of Common Pleas. Appellant named only one defendant, appellee Video News Super Stores. Appellant brought two claims for relief, both based upon his allegation that he was discharged only because of age discrimination, in violation of R.C. 4112.02 and in violation of public policy.
On March 12, 1999, the only named defendant, Video News Super Stores, filed an answer, in which it made a general denial of appellant's claims. Video News Super Stores also raised affirmative defenses, including improper service because the only named defendant was "not a legal person" and a written release to all claims that appellant signed on July 3, 1998. The only named defendant subsequently filed two motions for summary judgment.
In the first motion for summary judgment, the only named defendant argued that appellant's claims were barred by a release he signed in exchange for $290. In the supplemental motion for summary judgment, the only named defendant argued that even if the release signed by appellant was not effective to bar his claims, appellant could not prevail on the merits of his age discrimination claims.
Appellant filed memoranda in opposition to both the original motion for summary judgment and the supplemental motion for summary judgment. While the motions were pending, appellant filed a first amended complaint, in which he named a second defendant, Thaolien Teresa Do D.B.A. Video News-East. Appellees filed an answer to the first amended complaint, again entering general denials to all of appellant's claims, and raising affirmative defenses.
On June 29, 2000, the trial court filed an opinion and judgment entry in which it addressed the original motion for summary judgment and the supplemental motion for summary judgment. In a footnote, the trial court explained:
 "After Video News Super Stores filed its reply brief in support of its supplemental motion, the plaintiff filed an amended complaint adding the individual sole proprietor of Video News Super Stores, Thaolien Teresa Do, as a defendant. The Court views both motions for summary judgment as though submitted by both defendants and as seeking dismissal of this action in favor of them both. In this Opinion, the Court will refer to both defendants as `Video News.'"
 The trial court then addressed the merits of the arguments presented in the motions for summary judgment.
The trial court ruled that appellant was correct that the release was legally ineffective and that it did not serve as a bar to his claims for age discrimination. Therefore, the trial court denied appellees' initial motion for summary judgment.
The trial court then considered the supplemental motion for summary judgment in which appellees asserted that appellant could not meet the standards for proving his age discrimination claims either pursuant to statute or pursuant to a public policy tort. The trial court ruled that appellees were correct that appellant failed to show as a matter of law that he had valid age discrimination claims and granted summary judgment to appellees on those claims. The trial court ruled that one remaining subclaim, brought by appellant in the first amended complaint for appellees' alleged improper attempts to enforce the release signed by appellant remained for resolution.
On October 23, 2000, appellant filed a notice of voluntary dismissal of his one remaining claim that was not resolved by the trial court in its June 29, 2000 opinion and judgment entry. Appellant subsequently filed his notice of appeal on November 21, 2000.
In support of his sole assignment of error, appellant first argues that the trial court erred when it ruled that he did not demonstrate a prima facie case of age discrimination through indirect evidence.[2]
Appellant recites the four-part test followed by the courts in Ohio for establishing a prima facie case of age discrimination. He notes that there was no dispute in the trial court that he met the first two parts of the test, because the evidence showed that he was over forty years of age when he was fired by Video News. He says the trial court erred when it ruled that he did not show that he was qualified for the position from which he was fired. He says that he at least showed that there is conflicting evidence on whether he was qualified for his position of employment with Video News.
Appellant points to the evidence in the record that shows that he was initially hired as a clerk, with responsibility to stock shelves with returned movies, to rent out videos to customers, to answer the phone, clean the store and keep food supplies stocked. He says he was later given more responsibility when he became a closer. As a closer, he was responsible for closing down the store and locking the doors when there was no manager or assistant manager on duty. He says he would not have been given greater responsibilities if he had not adequately performed his duties as a clerk.
He says that the trial court followed the wrong standard for deciding whether appellant was qualified to do his work when the trial court said that he had to be performing the job to his employer's reasonable expectations. He argues that the correct standard is a combination of "an objective and a subjective standard depending on the facts and circumstances of each case." He says the record does not show that he was incapable of stocking shelves, renting videos, answering the phone, cleaning the store and properly closing the store when he was a designated closer. While he acknowledges his manager made critical remarks to him, he argues she never told him directly what he was doing wrong, so he was unable to make changes to meet her expectations. Furthermore, he points to evidence he presented to show that his manager was biased against older workers and believed they were unable to relate to the generally younger clientele of the video store.
Video News responds that the trial court did not err when it ruled that appellant did not meet his burden of proof to show a prima facie case of age discrimination through either direct evidence or indirect evidence. Video News says that the trial court used the correct standard to determine whether appellant was qualified for his job. Video News says that the evidence presented to the trial court established that appellant was rude to customers and was late for work. Video News argues that being rude to customers and being late for work rendered appellant unqualified for his position as a video clerk or as a closer.
First, we note that we, like all other courts in Ohio, are governed by the provisions of Civ.R. 56(B) when considering whether summary judgment can be granted in a case. Civ.R. 56(B) provides, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
Second, we note that rulings by the Supreme Court of Ohio in 1991 and in 1996 established two ways an employee can establish a prima facie case for age discrimination: 1) present direct evidence of age discrimination; or 2) present indirect evidence that meets a four part test. Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, paragraphs one and two of the syllabus; Kohmescher v. Kroger Co. (1991),61 Ohio St.3d 501, syllabus. In this case, the trial court ruled that appellant did not prove age discrimination through either method. Since appellant has not challenged the trial court's ruling that he did not present direct evidence of age discrimination, we will not consider that issue on appeal. Instead, we will focus on the standard for proving age discrimination with indirect evidence.
The Supreme Court of Ohio has ruled:
 "Absent direct evidence of age discrimination, in order to establish a prima facie case of a violation of R.C. 4101.17 in an employment discharge action, a plaintiff-employee must demonstrate (1) that he or she was a qualified member of the statutorily protected class, (2) that he or she was discharged, (3) that he or she was qualified for the position, and (4) that he or she was replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class." Kohmescher v. Kroger Co.(1991), 61 Ohio St.3d 501, syllabus.
The parties in this case do not dispute that the first and second parts of the above quoted test were proved in this case. The dispute is over whether appellant has proved that the third part of the test is met. More specifically, the parties are arguing over what standard is followed by Ohio courts to determine if an employee demonstrated that the employee was qualified for the position from which the employee was discharged.
The Eighth District Court of Appeals addressed the same issue in May of this year and said:
 "In order to demonstrate qualification for a position, a litigant must not only demonstrate the capability of performing the work, but must also demonstrate that he or she is meeting the employer's legitimate expectations." Smith v. Greater Cleveland Regional Transit Authority (May 24, 2001), Cuyahoga App. No. 78274, unreported. See, also, Neubauer v. A. M. McGregor Home Corp.(May 19, 1994), Cuyahoga App. No. 65579, unreported (citing other Ohio and Federal cases adopting this standard for qualified).
We therefore find that the trial court did not err when it followed established Ohio case law to determine whether appellant showed that he was qualified for his position.
While appellant did show evidence to verify that he was capable of performing his required duties as a clerk and closer, he did not present any evidence to show that he was meeting his employer's legitimate expectations for performance of his duties. Video News presented evidence through the affidavits and depositions of appellant's former supervising manager and of the company's general manager that appellant was repeatedly late and that the company received customer complaints, including two letters, that appellant was rude to the customers. The supervising manager and the general manager both testified or averred that they warned appellant that he could not continue to be late or to be rude to customers and that if he did not show improvement he could be discharged. They also testified that the "last straw" that led to their decision to discharge appellant was that he was more than five hours late for work in May, just before they sent him the letter discharging him in June. Appellant does not dispute that he was late or that he was told he needed to relate better with customers. Accordingly, when the evidence is viewed in a light most favorable to appellant, reasonable minds can only conclude that appellant failed to show that he was qualified for the position by meeting his employer's reasonable expectations for job performance, and the trial court did not err when it ruled that Video News was entitled to summary judgment on appellant's age discrimination claims as a matter of law.
Because appellant failed to meet the third part of the test for a prima facie case of age discrimination through indirect evidence, we need not consider the arguments presented by the parties relating to whether or not appellant met the fourth part of the test. Furthermore, we need not consider whether appellant demonstrated that the reasons offered by Video News for his discharge were a mere pretext for age discrimination. Since appellant never established a prima facie case for age discrimination, the pretext portion of the analysis is not reached. Appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, JUDGE
James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.
[1] In the amended complaint filed in the trial court, Thaolien Teresa Do is also listed as Thadien Teresa Neugen or Thao Hein (Theresa) Do, individually and D.B.A. Video New-East. However, for sake of clarity, the trial court addressed both defendants as "Video News" and we will adopt the same approach for this appeal.
[2] The trial court also ruled that appellant did not prove a prima facie case of age discrimination through direct evidence, but appellant has chosen not to challenge that ruling on appeal.