[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 1204.]

KEENER, APPELLANT, *v.* LEGACY HEALTH SERVICES, APPELLEE.

[Cite as *Keener v. Legacy Health Serv.*, 2002-Ohio-3571.]

*Appeal dismissed as improvidently allowed.*

(No. 2001-1566—Submitted June 4, 2002—Decided July 31, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 78536, 2001-Ohio-4384.

_____

{¶1} The cause is dismissed, sua sponte, as having been improvidently allowed.

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶2} I respectfully dissent from the majority's decision to declare that this case was improvidently allowed. In *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439 syllabus, this court stated, "Absent direct evidence of age discrimination, in order to establish a prima facie case of [age discrimination] in an employment discharge action, plaintiff-employee must demonstrate (1) that he or she was a member of the statutorily protected class, (2) that he or she was discharged, (3) that he or she was qualified for the position, and (4) that he or she was replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class. (*Barker v. Scovill, Inc.* [1983], 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, paragraph one of the syllabus, modified and explained.)"

{¶3} I am convinced that the fourth part of the test in *Kohmescher* should be reviewed and that this case provides this court with an appropriate opportunity

to do so. The "ultimate inquiry in age discrimination cases [is] whether plaintiff was discharged on account of age." Id., 61 Ohio St.3d at 505, 575 N.E.2d 439. I believe that it is possible for an employee to be discharged on account of age even when he is replaced by a person belonging to the protected class. Accordingly, I dissent.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

———————————

Michael Terrence Conway Co. and Michael Terrence Conway, for appellant.

Benesch, Friedlander, Coplan & Aronoff, L.L.P., Margaret A. Kennedy and Ann E. Knuth, for appellee.

———————————