OPINION
{¶ 1} This is an appeal from a summary judgment for an employer on a terminated former employee's claim for relief alleging statutory age discrimination.
 {¶ 2} Plaintiff, David Dean, had been employed by Defendant, Chemineer, Inc., for twenty-four years when he was fired in 2003. Dean was then fifty years of age. His replacement was fortyeight years of age when he was hired to replace Dean.
 {¶ 3} Dean commenced the underlying action against Chemineer on claims for relief alleging age discrimination in violation of R.C. 4112.14, Ohio's public policy against age discrimination, and defamation. After responsive pleadings were filed, the trial court granted summary judgment for Chemineer on its motion. Dean filed a timely notice of appeal.
 {¶ 4} Assignment of Error
 {¶ 5} "The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee's motion for summary judgment."
 {¶ 6} Dean's assignment of error is limited to the summary judgment for Chemineer on Dean's statutory claim for age discrimination. R.C. 4112.14(A). Dean argues that the trial court's decision should be reversed because the rule of law on which the judgment was granted has since been modified by the Supreme Court's decision in Coryell v. Bank One Trust Co.101 Ohio St.3d 175, 2004-Ohio-723. Summary judgment was granted on January 20, 2004. Coryell was decided on March 3, 2004.
 {¶ 7} R.C. 4112.14(A) provides that "[n]o employer shall . . . discharge without just cause any employee aged forty or older who is physically able to perform the duties (of the position) and otherwise meets the established requirements of the job and law pertaining to the relationship between employer and employee."
 {¶ 8} The Supreme Court held in Kohmescher v. Kroger Co.
(1991), 61 Ohio St.3d 501, that a discharged employee who is unable to prove an age discrimination violation through direct evidence may yet prove a prima facie violation circumstantially by evidence demonstrating: "(1) that he or she is a member of the statutorily protected class, (2) that he or she was discharged, (3) that he or she was qualified for the position, and (4) that he or she was replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class."Id., syllabus. The fourth prong reflects the age-specific prohibition of R.C 4112.14(A).
 {¶ 9} The rule of Kohmescher was subsequently modified inCroyell, which held that, because R.C. 4112.14(A) prohibits discriminatory intent, the prima facie test is satisfied when a plaintiff who is within the protected class demonstrates that, in addition to the first three prongs of the Kohmescher test, he or she "(4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age." Id.,
syllabus, paragraph one. The court further held that "[t]he term `substantially younger' as applied to age discrimination in employment cases defies an absolute definition and is best determined by each case." Id., at p. 181.
 {¶ 10} Now, under Kohmescher as modified by Coryell, a plaintiff who is within the protected class of persons forty years of age or older cannot satisfy Kohmescher's fourth prong merely by showing that his replacement was less than forty. He must also show that his replacement was substantially younger than him. Likewise, a qualified plaintiff's claim is not barred merely because the replacement is also withing the protected class, so long as the replacement was substantially younger than the discharged plaintiff.
 {¶ 11} Plaintiff Dean was fifty years of age when he was terminated, and the person who was hired to replace him was then forty-eight years of age. The latter of the two foregoing circumstances therefore applies. The question is whether, under the circumstances that apply, the replacement was then substantially younger than Dean.
 {¶ 12} Though summary judgment was granted in the present case before Coryell was decided, the trial court did apply the "substantially younger" test when it granted summary judgment for Chemineer. We had endorsed the view that the substantially younger standard ought to apply in Risley v. Owens,
2003-Ohio-2211, but declined to apply it in that case because the Supreme Court had not then modified Kohmescher. Nevertheless, the trial court here relied on our observations in Risley when it granted summary judgment for Chemineer. The court specifically found that Plaintiff Dean, being but only two years older than his replacement, could not show that he had been replaced by a person substantially younger than himself. Decision, P. 7.
 {¶ 13} Plaintiff-Appellant Dean doesn't attack the structure of the trial court's analysis for its logic. Neither does he contend that the court violated the standards for summary judgment imposed by Civ. R. 56. He merely contends that Croyell
should be applied retrospectively. The rule of Croyell was, in fact, applied by the trial court when it found that the substantially younger test could not be satisfied. We see no reason to remand the case to the trial court to repeat its determination.
 {¶ 14} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.