In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3508

Robin Hoffmann,

Plaintiff-Appellant,

v.

PRIMEDIA Special Interest Publications, f/k/a
PJS Publications, Inc., a Foreign
Corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Central District of Illinois, Peoria Division.
No. 98 C 1077--Michael M. Mihm, Judge.

Argued April 13, 2000--Decided June 21, 2000

   Before Harlington Wood, Jr., Flaum, and Diane
P. Wood, Circuit Judges.

   Flaum, Circuit Judge.  Plaintiff Robin
Hoffmann sued Primedia Special Interest
Publications ("Primedia") under the Age
Discrimination in Employment Act (ADEA),
29 U.S.C. sec. 621 et seq. The district
court granted the defendant's motion for
summary judgment and denied the
plaintiff's motion to alter or amend that
judgment. For the reasons stated herein,
we affirm.

Background

   Hoffmann was a Circulation Marketing
Manager at Primedia, responsible for
developing strategies to meet Primedia's
revenue and expense objectives and
forimproving performance of Primedia's
circulation department. In July 1997,
Steven Elzy became President of Primedia,
with the objective of turning around the
poor performance of the company. On
August 22, 1997, Hoffmann was discharged
on the instruction of Elzy. She was 42
years old at the time of her discharge.

   Hoffmann brought an action against
Primedia under the ADEA, alleging that
she had been discharged because of her
age. Primedia contended that Elzy let

Hoffmann go because of her negative attitude, and Primedia filed a motion for summary judgment claiming that Hoffmann failed to establish a prima facie case of age discrimination. Among other things, Primedia pointed to the fact that Hoffmann's replacement was 39 years old-- only three years younger than Hoffmann.

On July 20, 1999, the district court granted Primedia's motion for summary judgment. The court found insufficient Hoffmann's direct evidence of age discrimination. It then went on to reject Hoffmann's attempt to shift the burden to Primedia under a McDonnell Douglas analysis, finding that Hoffmann failed to make out a prima facie case because Hoffmann was not replaced by someone significantly younger. Hoffmann filed a Rule 59(e) Motion to Alter or Amend Judgment, which the district court denied. Hoffmann now appeals.

Discussion

The ADEA prohibits an employer from, among other things, discharging an employee over 40 years old because of that individual's age. 29 U.S.C. sec.sec. 623(a), 631(a). Rather than pressing a claim based on direct evidence of agediscrimination, at this stage Hoffmann relies on the McDonnell Douglas burden-shifting method of proof. See Reeves v. Sanderson Plumbing Products, Inc., 2000 WL 743663, at *9 (U.S. June 12, 2000). Under this method, to establish a prima facie case of age discrimination under the ADEA and thereby shift the burden to the defendant to put forth a non-discriminatory reason for the employment action, Hoffman must show that: (1) she was in the protected age group of persons 40 or older; (2) she was performing her job satisfactorily; (3) she was discharged; and (4) substantially younger employees were treated more favorably. See Cianci v. Pettibone Corp., 152 F.3d 723, 728 (7th Cir. 1999); Hartley v. Wisconsin Bell, Inc., 124 F.3d 887, 892 (7th Cir. 1997). The district court found that Hoffmann did not meet the fourth requirement.

In contexts such as this, where a single employee is let go and another individual is hired instead, the fourth requirement means showing that the discharged worker was replaced with someone substantially

younger. See Richter v. Hook-SupeRx, Inc., 142 F.3d 1024, 1028 (7th Cir. 1998) ("a plaintiff must show that she was replaced by someone 'substantially younger,' although not necessarily outside the protected class") (citations omitted). This rule stems from the simple premise, articulated recently by the Supreme Court, that "an inference [of age discrimination] cannot be drawn from the replacement of one worker with another worker insignificantly younger." O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996). Contrary to the assertions of Hoffmann's counsel that this rule has not been applied to situations like Hoffmann's, this Court has specifically instructed that:

In situations involving the simple termination of a single employee, normally the employee must establish that the employer sought a younger replacement for him. . . . [A]n employer who discharges a protectedemployee and either hires or retains younger employees "to fill positions for which the older employee was qualified" bears the burden of explaining its actions. The younger employees "need not be outside theprotected class, i.e., under the age of forty," but they should be substantially--i.e., at least ten years--younger than the terminated employee.

Miller v. Borden, Inc., 168 F.3d 308, 313 (7th Cir. 1999) (citations omitted).

As this statement of the prima facie burden for cases such as this makes clear, "we consider a ten-year difference in ages (between the plaintiff and her replacement) to be presumptively 'substantial' under O'Connor," Hartley, 124 F.3d at 893, and conversely consider a difference of less than ten years presumptively insubstantial. See id. (holding that a six-to-seven year age difference was insufficient); see also Richter, 142 F.3d at 1029 (holding that the seven-year age difference between a 52-year-old and 45-year-old replacement was a presumptively insubstantial gap). There may be situations where a difference of less than ten years is substantial, and we have also previously made clear that "[i]n cases where the disparity is less, the plaintiff still may present a triable claim if she directs the court to evidence that her

employer considered her age to be significant." Hartley, 124 F.3d at 893. Hoffmann, however, presents no such evidence to overcome the presumption./1

Based on the record in this case, the three-year age difference between Hoffmann and her replacement fails the fourth requirement of a McDonnell Douglas showing under the ADEA. We agree with the district court that there is no evidence from which a reasonable inference may be drawn that age was the determinative factor in the decision to let her go. See Reeves v. Sanderson Plumbing Products, Inc., 2000 WL 743663, at *5 (U.S. June 12, 2000); Richter, 142 F.3d at 1027 ("To succeed in an ADEA claim, a plaintiff must establish that he would not have received adverse treatment but for his employer's motive to discriminate on the basis of his age."). Because Hoffmann has failed to make out a prima facie case of age discrimination, we need not proceed further. See Cianci, 152 F.3d at 728.

Conclusion

For the reasons stated herein, we AFFIRM the decision of the district court.

FOOTNOTES

/1 Hoffmann argues that the district court failed to give credence to "statistical evidence" she had submitted to the district court in an attempt to show that Primedia employees under the age of 40 were systematically treated better than those over 40. In its order granting summary judgment in favor of Primedia, the court stated that this proffer was insufficient to create a disputed issue of material fact because Hoffmann failed to identify any baseline against which her figures should be measured. Hoffmann subsequently filed a Rule 59(e) Motion to Alter or Amend Judgment, which the district court denied, concluding that "there is absolutely no way that a reasonable trier of fact could conclude that Hoffmann's 'statistical evidence' indicated intentional discrimination on the part of Primedia." We agree that not only do Hoffmann's figures fail to raise the inference that workers over 40 are discriminated against at Primedia, but they fail to overcome the contrary presumption--created by the fact that her replacement was almost the same age--that age had nothing to do with Primedia's actions.