OPINION
{¶ 1} Barbara Rollins appeals from a judgment of the Clark County Court of Common Pleas, which granted summary judgment on behalf of Mad River Green Local School District ("the District").
 {¶ 2} From the 1994-1995 school year until the 1999-2000 school year, Rollins was the principal of Enon Elementary School in the District. She signed a three-year contract with the District on May 13, 1999. Following unsatisfactory performance reviews in the 1999-2000 school year, which related to proficiency test scores, staff morale, leadership, and disclosure of confidential information, Superintendent Denny Howell recommended that Rollins be reassigned. Accordingly, at a June 8, 2000 meeting of the Board of Education, Rollins was reassigned to the newly-created position of Dean of Students/District Coordinator of Special Services effective June 16, 2000. Her salary and benefits were not altered by the reassignment. Rollins was replaced as principal of Enon Elementary School by a 37-year-old woman.
 {¶ 3} On September 28, 2000, Rollins filed a complaint alleging that her transfer violated R.C. 3319.02(C) because it was done without mutual agreement of the parties and that the transfer constituted age discrimination in violation of R.C. 4112.14. The District filed a motion for summary judgment on February 11, 2002. The motion was granted by the trial court on August 8, 2002.
 {¶ 4} Rollins appeals, raising two assignments of error.
 {¶ 5} "I. The Common Pleas Court Erred In Finding That Appellee's Decision To Transfer Appellant From The Position Of Principal To The Position Of Dean Of Students/District Coordinator Of Special Services Was Not An Abuse Of Discretion."
 {¶ 6} Rollins argues that her transfer violated R.C. 3119.02(C) in that she was transferred to a position of lesser responsibility without her agreement. R.C. 3119.02(C) provides, in pertinent part: "Except by mutual agreement of the parties thereto, no Assistant Superintendent, Principal, Assistant Principal or other Administrator shall be transferred during the life of a contract to the position of lesser responsibility." The District contends that we review the Board of Education's decision for abuse of discretion and that the Board of Education did not abuse its discretion in concluding that the position of Dean of Students/District Coordinator of Special Services was not a position of lesser responsibility than that of Principal.
 {¶ 7} Initially, we note that the decision of a board of education will not be overturned absent an abuse of discretion. See In reSuspension of Huffer from Circleville High School (1989), 47 Ohio St.3d 12,14-15, 546 N.E.2d 1308; Brannon v. Bd. of Educ. of Tiro ConsolidatedSch. Dist. (1919), 99 Ohio St. 369, paragraphs two and three of the syllabus. Rollins argues that the mandate of R.C. 3119.02 does not allow for the Board of Education to exercise any discretion in deciding to reassign a principal to a position of lesser responsibility. However, her argument assumes that the position of Dean of Students/District Coordinator of Special Services was a position of lesser responsibility. It is in defining what constitutes a position of lesser responsibility that the Board of Education exercises its discretion. See, also, Hartleyv. Fairborn City Sch. Dist. Bd. of Educ. (Dec. 22, 1998), Greene County C.P. No. 98-CV-0074 ("This Court cannot * * * substitute its own judgment as to the meaning of `lesser responsibility' and must defer to the Board's decision in the absence of any abuse of discretion."). We agree with the Greene County Court of Common Pleas in Hartley that the term "position of lesser responsibility" is undefined and that it is therefore within the board of education's discretion to construe. Thus, we review the Board's decision regarding whether the position of Dean of Students/District Coordinator of Special Services is a position of lesser responsibility than the position of Principal for abuse of discretion. Abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. See Wilmington Steel Prod., Inc. v. Cleveland Elec.Illum. Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622.
 {¶ 8} The essential functions of Rollins' position as principal of Enon Elementary School included: (1) supervising building operations, (2) supervising and evaluating instructional and educational programs, (3) directing all student activities for the assigned building, (4) requisitioning supplies, textbooks, equipment, and materials, (5) preparing the building budget and monitoring spending, (6) developing a disaster plan for the assigned building, (7) securing and reporting the use of substitute teachers, (8) approving and encouraging teacher inservice programs, (9) directing and coordinating the staff of the assigned building, (10) scheduling faculty meetings and assemblies, (11) supervising custodians, the health service program, and the lunchroom operations, and (12) acting as a liaison to the superintendent.
 {¶ 9} The essential functions of the position of Dean of Students/District Coordinator of Special Services include: (1) coordinating the organization and operation of district special education programs, (2) coordinating the organization and operation of district gifted programs, (3) scheduling testing, reviews, individual education plan completion, and placement meetings, (4) counseling and assisting teachers in testing and preparing individual education plans, (5) assisting in the development of curriculum and selection of materials for the special education program, (6) counseling and assisting teachers in solving instructional problems and obtaining educational materials, (7) coordinating guidance services for students in the fifth to eighth grades, (8) ensuring that guidance services are available to all students at Indian Valley, (9) assisting building principals in coordinating efforts to facilitate students' best interests, (10) supervising after-school activities, (11) assisting with, arranging, and attending parent-teacher conferences, (12) arranging speakers and tutors, and (13) interpreting achievement and abilities tests and developing a handbook for parents. Neither of these lists is exhaustive, but they encompass the major functions of each position.
 {¶ 10} We believe that a genuine issue of material fact exists regarding whether the District abused its discretion in reassigning Rollins. Reasonable minds could conclude that the position of Dean of Students/District Coordinator of Special Services was a position of lesser responsibility and that the District had abused its discretion in concluding otherwise. Therefore, summary judgment on this claim was improper.
 {¶ 11} The first assignment of error is sustained.
 {¶ 12} "II. The Common Pleas Court Erred In Finding That Appellant's Transfer To A Position Of Lesser Responsibility Was Not Actionable Under R.C. § 4112.14."
 {¶ 13} Under this assignment of error, Rollins argues that the trial court erred in granting summary judgment in favor of the district on her claim of age discrimination.
 {¶ 14} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183, 1997-Ohio-221,677 N.E.2d 343; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 15} R.C. 4112.14(A) provides: "No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." R.C.4112.14(B) provides for a right of civil actions for employees who are the victims of age discrimination.
 {¶ 16} A claim under R.C. 4112.14 may be proven by either direct or circumstantial evidence. See, e.g., Risley v. Comm Line, Inc., Miami App. No. 02CA42, 2003-Ohio-2211. A claim relying upon circumstantial evidence requires the plaintiff to show (1) that she was a member of the statutorily protected class, (2) that she was discharged, (3) that she was qualified for the position, and (4) that she was replaced by, or that her discharge permitted the retention of, a person not belonging to the protected class.[1] See Byrnes v. LCI Communication Holdings Co.,77 Ohio St.3d 125, 128, 1996-Ohio-307, 672 N.E.2d 145, citing Barker v.Scovill, Inc. (1983), 6 Ohio St.3d 146, 451 N.E.2d 807 (adopting the guidelines set forth in McDonnell Douglas Corp. v. Green (1973),411 U.S. 792, 93 S.Ct. 1817). Once this prima facie case is established, the burden shifts to the employer to show that it had a legitimate, nondiscriminatory reason for its action. See Kohmescher v. Kroger Co.
(1991), 61 Ohio St.3d 501, 503, 575 N.E.2d 439. If the employer articulates such a reason, the employee must show that the articulated reason was merely a pretext for discrimination. See id. at 503-04.
 {¶ 17} There is no direct evidence of discrimination in this case. Therefore, Rollins must satisfy the prima facie case articulated in Byrnes and Kohmescher. We do not believe that Rollins has established a prima facie case of age discrimination. However, even if we were to conclude that Rollins had established a prima facie case of age discrimination, the District articulated a legitimate, nondiscriminatory reason for her reassignment. She was reassigned because she did not adequately perform the duties of her position as principal of Enon Elementary School. Her performance reviews were unsatisfactory in the school year before she was reassigned and had been unsatisfactory in at least one prior year.
 {¶ 18} Although Rollins makes no attempt in her briefs before this Court to argue that the District's articulated reason for reassigning her was pretextual, she apparently argued below that she was reassigned for economic reasons and that she was reassigned because she declined an offer of early retirement. As the state points out in its brief, the position of Dean of Students/District Coordinator of Special Services was created for Rollins. Filling that new position, as well as the position that she had vacated as principal of Enon Elementary School, did not save the District money. As for the offer of early retirement, such an offer is not age discrimination as a matter of law. Section 623(f)(2), Title 29, U.S. Code; Wilson v. Firestone Tire Rubber Co. (C.A.6 1991),932 F.2d 510, 514. Where, as here, there is no evidence that Rollins' reassignment was prompted by her declination of early retirement and Rollins suffered no adverse employment action, the offer of early retirement did not constitute discrimination.
 {¶ 19} The second assignment of error is overruled.
 {¶ 20} The judgment of the trial court will be reversed in part and affirmed in part, and this matter will be remanded to the trial court for further proceedings consistent with this opinion.
FAIN, P.J. and GRADY, J., concur.
[1] In Risley, supra, we noted that the United States Supreme Court had adopted a modification to the fourth requirement for age discrimination cases. See, also, O'Connor v. Consol. Coin Caterers Corp (1996),517 U.S. 308, 116 S.Ct. 1307. Pursuant to this modification, a prima facie case of age discrimination can be made even where the plaintiff is replaced by a member of the protected class so long as that person is "substantially younger" than the plaintiff. See Risley, supra;O'Connor, supra. Although we discussed the merits of this modification in Risley, we did not expressly adopt it because we concluded that the employer had a legitimate, nondiscriminatory reason for terminating Risley. It is unnecessary for us to consider the modification in this case because the woman who replaced Rollins was 37 and therefore was not a member of the protected class.