JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Donald Ramacciato ("Ramacciato") appeals the trial court's grant of summary judgment in favor of defendant-appellee Argo-Tech Corporation ("Argo-Tech") on his claim of age discrimination and its denial of his motion for summary judgment. Finding no merit to this appeal, we affirm.
 {¶ 2} Argo-Tech is a designer and manufacturer of aviation fuel and liquid natural gas delivery systems. Its primary customers are commercial airlines. Due to a projected severe downturn in business in the aviation and airline industries following the events of September 11, 2001, Argo-Tech decided to reduce its work force ("RIF") to offset its costs. It sought to reduce its costs by 15% and implemented an early retirement program as a means to minimize the number of employees who would be laid off.
 {¶ 3} By December 2001, Argo-Tech had compiled a list of employees to be laid off as part of the RIF, which included Ramacciato. At that time, Ramacciato was one of two salesmen selling aftermarket parts in the United States. Another salesman, Bob Hart, covered the western region, and Ramacciato was assigned the eastern region. Both men reported directly to Dave Kvasnicka, Director of Customer Support and Services. Argo-Tech decided to eliminate one of the sales positions.
 {¶ 4} In the course of discussing the RIF, Kvasnicka expressed his disagreement with upper management to retain Hart rather than Ramacciato. Kvasnicka believed that Ramacciato was better qualified for the position because he had obtained a higher level of total sales in 2001. He acknowledged, however, that Hart's lower level of sales may have been attributed to the fact that he just joined the company in early 2001. In contrast, Ramacciato had been employed by Argo-Tech since 1986 and by its predecessor corporation, TRW, Inc., since 1966.
 {¶ 5} Despite Kvasnicka's desire to retain Ramacciato over Hart, Anthony Smith, Kvasnicka's supervisor, and other upper management executives, including the CEO, believed that Hart was a better candidate for the position. They believed that Hart possessed a stronger "skill-set" necessary to compete in a changing marketplace. Hart was perceived as having a stronger ability to develop and maintain "high-level relationships" as well as possessing a better understanding of the complete package being offered by Argo-Tech to its customers. Overall, they believed that Hart was more likely to succeed in executing Argo-Tech's sales strategies.
 {¶ 6} In January 2002, Argo-Tech offered voluntary early retirement to its full-time, salaried employees who were age 55 or older and had worked 10 years or more for the company. Ramacciato was included in the list of eligible employees. Shortly thereafter, Kvasnicka met with Ramacciato and told him that he was due to be laid off and, as a result, he advised him to accept the early retirement package. The early retirement package entitled him to immediately receive his full retirement benefits, an additional $500 per month through age 65, which amounted to $1,019.82 until age 65, and the payment of $519.82 per month thereafter. Absent the early retirement package, Ramacciato would have been entitled to only $382.93 per month in retirement benefits for the rest of his life. He was also given the option of receiving his benefits in a lump sum. Ramacciato had approximately two weeks to complete the necessary paperwork if he chose to accept the offer.
 {¶ 7} Although Ramacciato desired to continue working, he ultimately accepted the early retirement package in a lump sum after being told that he would lose his job regardless of his election. However, he refused Argo-Tech's additional offer of $10,000 in outplacement services because he did not want to sign a release of any claims against Argo-Tech.
 {¶ 8} In August 2002, Ramacciato commenced the underlying action against Argo-Tech, asserting claims of age discrimination in violation of public policy and R.C. 4112.02. Both parties moved for summary judgment, but the trial court granted Argo-Tech's motion, finding no evidence that Ramacciato was treated differently because of his age.
 {¶ 9} Ramacciato appeals, raising one assignment of error.[1] In his sole assignment of error, he argues that the trial court erred in granting summary judgment because he proved a prima facie case of age discrimination and that reasonable minds could reach different conclusions as to whether Argo-Tech's reason for "discharging" him was financially motivated or related to his age.
 Standard of Review {¶ 10} Appellate review of summary judgment is de novo. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107."
 {¶ 11} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 Prima Facie Case {¶ 12} R.C. 4112.02 sets forth unlawful discriminatory practices. It provides in pertinent part:
"It shall be an unlawful discriminatory practice:
 (A) For any employer, because of the race, color, religion, sex,national origin, disability, age, or ancestry of any person, to dischargewithout just cause, to refuse to hire, or otherwise to discriminateagainst that person with respect to hire, tenure, terms, conditions, orprivileges of employment, or any matter directly or indirectly related toemployment."
 {¶ 13} R.C. 4112.14(A) prohibits employers from discharging an employee based on age when the employee falls within the following protected class:
 {¶ 14} "No employer shall * * * discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."
 {¶ 15} Under a claim of age discrimination, Ramacciato initially bears the burden of establishing a prima facie case of discriminatory intent, either directly or indirectly. Mauzy v. Kelly Servs., 75 Ohio St.3d 578,586-587, 1996-Ohio-265 (explaining Kohmescher v. Kroger Company (1991),61 Ohio St.3d 501). See, also Barker v. Scovill, Inc. (1983),6 Ohio St.3d 146 (adopting the analytical framework set forth inMcDonnell Douglas Corp. v. Green (1973), 411 U.S. 792, and applying federal guidelines and requirements to a claim of age discrimination). Irrespective of whether an inference of discriminatory intent is created directly or indirectly, Ramacciato must also show that he was "discharged." Id., at paragraph two of the syllabus. Once he establishes a prima facie case, the burden of persuasion shifts to Argo-Tech to overcome the presumption of discrimination by providing a legitimate, nondiscriminatory reason for Ramacciato's discharge. Kohmescher, supra, at 504, citing Barker, supra. Finally, if Argo-Tech meets its burden, Ramacciato must then show by a preponderance of the evidence that the rationale set forth by Argo-Tech was only a pretext for unlawful discrimination. Id.
 Direct Proof {¶ 16} Ramacciato claims that he directly established a prima face case by demonstrating that: (1) he was offered early retirement, (2) he was better qualified than his replacement, (3) upper management ordered Kvasnicka to change his evaluation to justify his lay-off, and (4) upper management was unable to provide a reason for his discharge.
 {¶ 17} Under the direct method of proof, Ramacciato must present evidence, of any nature, that demonstrates Argo-Tech "more likely than not was motivated by discriminatory animus." Mauzy, supra, at 586-587.
 {¶ 18} Ramacciato argues that because Argo Tech offered him early retirement due to his age, as part of the implementation of its RIF, directly proves its discriminatory intent. In support of this argument, he relies on the Ohio Supreme Court's decision in Kohmescher v. KrogerCompany, supra, in which the court found that Kroger's recommendation for the plaintiff to be selected for the RIF based on his eligibility for the retirement window was direct evidence of Kroger's discriminatory intent.
 {¶ 19} However, contrary to Ramacciato's assertion, we find no evidence that Argo-Tech recommended he be laid off because he was eligible for early retirement. Our review of the record reveals that Argo-Tech extended the early retirement option to all employees who were eligible, including those who were not due to be laid off. Further, the record demonstrates that Argo-Tech used non-age-based criteria to select employees for lay-off. Unlike the situation in Kohmescher, where the plaintiff produced evidence of a memo recommending his termination simply because he was eligible for retirement, we find no such evidence in the instant case.
 {¶ 20} Further, the mere implementation of a voluntary retirement program and the allowance of an earlier age for eligibility does not presumptively establish age discrimination by an employer. See Wilson v.Firestone Tire Rubber Co. (6th Cir. 1991), 932 F.2d 510; Henn v.National Geographic Soc. (7th Cir. 1987), 819 F.2d 824 ("there is no reason to treat every early retirement as presumptively an act of age discrimination"). Rather, a plaintiff must demonstrate that the retirement program was in reality "used as a subterfuge for age discrimination." Public Employees Retirement System of Ohio v. Betts
(1989), 492 U.S. 158, 180. In the instant case, Ramacciato has made no such showing.
 {¶ 21} Ramacciato also argues that the fact that his supervisor recommended Argo-Tech retain him rather than Bob Hart, coupled with the fact that his 2001 sales performance exceeded Hart's performance, constitutes direct evidence of Argo-Tech's discriminatory intent. Although the record reveals that the supervisor preferred Ramacciato over Hart, the record also indicates that the supervisor and upper management shared different views over the "skill sets" important to the position. Further, these facts provide no evidence of any discriminatory intent based on age. Rather, Ramacciato merely speculates that, based on these facts, Argo-Tech must have discharged him because of his age. We cannot make such a conclusion based solely on suspicion or speculation.
 {¶ 22} Additionally, we find no evidence in the record supporting the contention that upper management ordered Kvasnicka to change Ramacciato's evaluation in order to justify his discharge. The record reveals that although upper management suggested that Kvasnicka make some revisions to his review, he did not follow all of their recommendations. Further, Ramacciato's claim that upper management ordered Kvasnicka to include language in the evaluation indicating Ramacciato failed to make sufficient "senior level" relationships among his customers in order to justify a letter grade of "D" for personal productivity, is not supported by the record. The record reveals that Kvasnicka included this language in his original draft evaluation. Thus, the record does not support the suggestion that upper management "demanded" that this language be included in the final evaluation.
 {¶ 23} Moreover, we disagree with Ramacciato's contention that upper management's failure to provide a reason for his discharge is evidence that the retirement plan was a subterfuge for age discrimination. Ramacciato's summary of the meetings indicates that he was told that upper management preferred Bob Hart for the position based on his job skills and performance. Additionally, Ramacciato was directed to review his evaluation if he was unclear as to why he was chosen to be laid off.
 {¶ 24} Finally, Ramacciato argues that a jury could reasonably find that the list allegedly compiled by Argo-Tech for purposes of designing voluntary, early retirement packages was actually used for ascertaining the names of older employees to be laid off. He claims that such a list directly establishes Argo-Tech's discriminatory intent. We find this argument unpersuasive.
 {¶ 25} The list to which Ramacciato refers contained the names of 46 employees who met certain eligibility criteria for an early retirement package. The information was compiled for actuarial purposes in determining an early retirement package. We find no evidence that the eligibility list was used as a means to discriminate against older employees through the RIF. First, we note that only 9 of the 46 employees on the list were due to be laid off. Second, Ramacciato was one of the youngest employees on the list. Third, a number of employees ineligible for early retirement and not named on the list were due to be laid off as part of the RIF. Finally, courts have consistently found that the mere compilation of employees' personal information, including age and salary, does not directly establish discriminatory intent by an employer. Bowman v. Firestone Tire Rubber Co. (N.D. Ohio 1989),724 F. Supp. 493, citing Sorosky v. Burroughs (9th Cir. 1987),826 F.2d 794, 804.
 {¶ 26} Accordingly, we find that Ramacciato failed to directly establish a prima facie case of age discrimination.
 Indirect Proof {¶ 27} Ramacciato argues, in the alternative, that he has indirectly established a prima facie case. To establish a prima facie case indirectly, Ramacciato must demonstrate that he:
"(1) was a member of the statutorily-protected class, (2) wasdischarged, (3) was qualified for the position, and (4) was replaced by,or that his discharge permitted the retention of, a person ofsubstantially younger age."
 {¶ 28} Coryell v. Bank One Trust Co. N.A., 101 Ohio St.3d 175,2004-Ohio-723, paragraph one of the syllabus. See, also Kohmescher,
supra, syllabus (modified and explained holding in Barker, supra).
 {¶ 29} However, because the instant case involves a RIF, the fourth element of the prima facie case is modified to require Ramacciato to offer "additional direct, circumstantial, or statistical evidence tending to indicate that * * * [Argo-Tech] singled [him] out * * * for impermissible reasons." Skalka v. Fernald Envtl. Restoration Mgmt. Corp.
(6th Cir. 1999), 178 F.3d 414, quoting Barnes v. GenCorp Inc. (6th Cir. 1990), 896 F.2d 1457, 1465 (1990), cert. denied, 498 U.S. 878. See, also, Dahl v. Battelle Mem. Inst., Franklin App. No. 03AP-1028, 2004-Ohio-3884; Wilson v. Precision Envtl. Co., Cuyahoga App. No. 81932, 2003-Ohio-2873; Mack v. B.F. Goodrich Co. (1997), 121 Ohio App.3d 99. As a result, a plaintiff claiming age discrimination carries a greater burden of supporting his allegations of age discrimination in the case of termination due to economic necessity. Dahl, supra, ¶ 15. The rationale behind this requirement is that an employer's decision to discharge a qualified, older employee should not be considered "inherently suspicious" because "in a RIF, qualified employees are going to be discharged." Brocklehurst v. PPG Indus. (6th Cir. 1997), 123 F.3d 890, 896, citing Barnes, supra. Thus, in a RIF case, the plaintiff must offer some additional evidence to show a discriminatory intent by the employer.
 {¶ 30} Here, there is no dispute that Ramacciato was a member of the statutorily-protected class because he was 55 years old. Nor does Argo-Tech dispute that he was qualified for the position and that the elimination of his position allowed it to retain Hart, a substantially younger employee. Rather, Argo-Tech claims that Ramacciato failed to offer any additional direct, circumstantial, or statistical evidence that age was a factor in its decision to eliminate his position. We agree.
 {¶ 31} Ramacciato does not dispute that the decision to eliminate his position was part of Argo-Tech's RIF. As a result, he acknowledges that, as part of his prima facie case, he has the burden of producing some evidence that Argo-Tech singled him out for impermissible reasons. However, Ramacciato relies on the same evidence discussed in the first section for purposes of establishing a prima face case indirectly. Having already found that this evidence does not demonstrate any discriminatory intent by Argo-Tech, we reach the same conclusion here. Thus, Ramacciato's failure to offer any evidence of discriminatory intent by Argo-Tech precludes his showing of a prima facie case.
 {¶ 32} Next, Argo-Tech claims that Ramacciato has failed to establish that he was discharged. However, because he failed to prevail on his prima facie case, we find it unnecessary to address this issue.[2]
Moreover, because Ramacciato failed to establish a prima facie case, we need not reach the issue of whether Argo-Tech's reason for eliminating his position was a pretext for unlawful discrimination. Thus, the trial court properly granted Argo-Tech's motion for summary judgment.
 {¶ 33} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Sweeney, J. concur.
[1] Although Ramacciato asserted a claim for age discrimination based on public policy, he challenges the trial court's grant of summary judgment only as to his statutory claim for age discrimination.
[2] We recognize that there is no bright-line rule for determining whether an employee has been constructively discharged after he or she accepts retirement in lieu of being laid off. Rather, the determination of whether the employee was constructively discharged depends on the specific facts of each case. Compare Scott v. Goodyear Tire and RubberCo. (6th Cir. 1998), 160 F.3d 1121 (the doctrine of constructive discharge applied in the case where the employee voluntarily resigned only after being told that he would lose his job) and Ackerman v. DiamondShamrock Corp. (6th Cir. 1982), 670 F.2d 66 (employee was not constructively discharged when he voluntarily accepted early retirement in lieu of lay-off and there was no evidence of any discriminatory animus).